UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP BRANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. FOREST SERVICE, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-01399-WBS-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). Plaintiff's first amended complaint is now before the court for screening. ECF No. 29.

**I.　　Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

Plaintiff has filed this Bivens action against two United States Forest Service officers and their K-9 partner, Jasper, for events that occurred during plaintiff's arrest on April 7, 2016. Plaintiff alleges that defendants Harris and Buckman illegally seized him in violation of the Fourth Amendment and failed to protect him from the use of excessive force by defendant Jasper, who attacked and injured him. In addition, plaintiff contends that defendants Harris and Buckman "failed to properly train, supervise or discipline the K-9." ECF No. 29 at 4.

In a second cause of action, plaintiff sues defendants under the Federal Tort Claims Act for assault and battery and the use of excessive force during the course of his arrest. Besides the dog bites, plaintiff alleges that defendants Harris and Buckman tackled him and then tasered him "without cause." ECF No. 29 at 4.

### III. Legal Standards

In <u>Bivens</u>, 403 U.S. 388 (1971), the Supreme Court recognized an implied right of action under the Fourth Amendment for monetary damages against federal officials who unlawfully searched plaintiff without a warrant or probable cause and used excessive force in arresting him. "Actions under [42 U.S.C.] § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991). Under <u>Bivens</u>, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See <u>Bivens</u>, 403 U.S. at 397.

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

"The Federal Tort Claims Act ("FTCA") provides that the United States may be held liable for "personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." <u>Veasley v. United States</u>, 201 F.Supp.3d 1190, 1200 (S.D. Cal. 2016) (quoting 28 U.S.C. § 1346(b)(1)).

### IV. Analysis

The court will begin its analysis of the complaint by stating the obvious. A dog is not a proper defendant in a civil rights action pursuant to 42 U.S.C. § 1983 because it is simply not a

3

"person." Dye v. Wargo, 253 F.3d 296, 300 (7th Cir. 2001); Rodriguez v. Police Dog Kubo, 2011 WL 3687608, at *2 (E.D. Cal. 2011); Bustamunte v. Gonzales, 2008 WL 4323505, at *6 (D. Ariz. 2008) (emphasizing that such a "conclusion is obvious, but perhaps so obvious that authority bothering to state it is evasive."). For this reason, the complaint fails to state a claim against defendant Jasper, the K-9 Officer. Since this defect cannot be cured, the court will recommend dismissing defendant Jasper with prejudice. See Cato v. United States, 70 F.3d 1103, 1005-06 (9th Cir. 1995) (finding that if it is clear that a complaint cannot be cured by amendment the court may dismiss without leave to amend).

Plaintiff's tort claims of assault and battery under the FTCA against defendants Harris and Buckman fail to state a claim for two separate reasons. First, the proper defendant for a FTCA suit is the United States. See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). Second, plaintiff has not alleged that he properly exhausted his administrative remedies before filing suit as required by the FTCA. See 28 U.S.C. § 2401(b). Under the FTCA, a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). The administrative exhaustion requirement is not only mandatory and jurisdictional, but it must also be properly alleged in the complaint. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). While plaintiff adequately explains why he did not pursue his administrative remedies within the state prison system, he does not provide any information about what efforts he took to properly exhaust his administrative remedies with the federal agency involved. Both of these defects with plaintiff's FTCA claim may be cured by amending the complaint.

With respect to the remaining claims, the court finds that plaintiff may proceed on the Fourth Amendment claims against defendants Harris and Buckman. As a result, plaintiff may elect to proceed immediately on the Fourth Amendment claims against defendants Harris and Buckman; or, in the alternative, plaintiff may elect to amend his complaint to attempt to cure the deficiencies with respect to the FTCA claims. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th

Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the Fourth Amendment claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Fourth Amendment claims found cognizable against defendants Harris and Buckman; or, (2) amend the complaint to fix the problems identified in this order with respect to the FTCA claims. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning**

5

**it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the Fourth Amendment claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Fourth Amendment claims against defendants Harris and Buckman. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the FTCA claims.
2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a second amended complaint.
3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

IT IS FURTHER RECOMMENDED that defendant Jasper be dismissed with prejudice as this canine officer is not a proper defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bran1399.option+F&R.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP BRANSON,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE, et al.,<br><br>   Defendant. | No. 2:19-cv-01399-WBS-CKD<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Fourth Amendment claims against defendants Harris and Buckman. Plaintiff voluntarily dismisses the remaining claims.

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

_____<br>Plaintiff