UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP BRANSON, | No. 2:19-cv-01399-WBS-CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| U.S. FOREST SERVICE, et al., | |
| Defendants. | |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this <u>Bivens</u> action alleging Fourth Amendment excessive force claims against two law enforcement officials employed by the United States Forest Service who deployed their K9 during the course of plaintiff's arrest. ECF No. 29 (first amended complaint). Defendants seek summary judgment on the ground that the claims are time barred. ECF No. 42. The motion has been fully briefed by the parties.[1] <u>See</u> ECF Nos. 44, 46, 47. For the reasons discussed below, the undersigned recommends granting defendants' motion for summary judgment.

**I.     Factual and Procedural History**

In the first amended complaint, plaintiff alleges that defendants Harris and Buckman

---

[1] Plaintiff filed an unauthorized sur-reply which the court has considered in light of his pro se status. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam)(explaining that pro se pleadings are held to less stringent standards than pleadings drafted by lawyers).

1

initiated a stop of the vehicle he was driving and ultimately arrested him on April 7, 2016.  ECF No. 29 at 3.  He initiated this Bivens action on June 19, 2019.  ECF No. 1 at 3; see also Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

In the motion for summary judgment, defendants assert that California's two-year statute of limitations for personal injury actions govern plaintiff's claims.  ECF No. 42-1 at 4.  According to defendants, plaintiff filed the instant action on June 28, 2019, more than three years after the events of April 7, 2016.  Id.  Defendants submitted evidence that plaintiff posted bail and was released on April 8, 2016 and that he was subsequently arrested three more times and in custody of the California Department of Corrections and Rehabilitation at the time that he filed the present action.  ECF No. 42-1 at 2-3; ECF No. 42-3 (Declaration of Mariya Sherman); ECF No. 42-5 (Declaration of Joseph Frueh).

By way of opposition, plaintiff submits that the statute of limitations is tolled as a matter of state law because he was arrested on March 14, 2017 and remained incarcerated until June 2022.  ECF No. 44 (citing Cal. Civ. Proc. Code § 352).

In reply, defendants contend that plaintiff's incarceration did not toll the statute of limitations because § 352.1(a) does not apply to pretrial detainees and because plaintiff was not in continuous custody from the time that his excessive force claims accrued.  ECF No. 46.  According to defendants, any tolling ceased when plaintiff was released on bail on April 8, 2016 and it did not restart following his subsequent arrests and re-incarcerations.[2]  ECF No. 46 at 5.

In his sur-reply, plaintiff asserts that he is entitled to equitable tolling because he was in continuous custody on a criminal charge which disabled plaintiff from litigating his claims.[3]  ECF

---

[2] Defendants acknowledge the split among federal district courts in California about whether they are required to follow the Ninth Circuit decision in Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994) or the subsequent state court decision in Austin v. Medicis, 21 Cal.App. 5th 577, 582 (2018), concerning the application of the state tolling statute.

[3] To the extent that plaintiff requests equitable tolling, the court notes that "[u]nder California law, equitable tolling 'relieves plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'"  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal.3d 313, 317 (1978)).  Plaintiff does not indicate any other legal remedy to which he availed himself in order to be entitled to equitable tolling.

No. 47.  However, he does not submit any evidence in support of his assertion that he was continuously incarcerated from the date when his excessive force claims accrued.

## II. Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...."  Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Statute of Limitations

Federal law controls the question of when a claim accrues. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). "Under federal law, a claim accrues when plaintiff knows, or should know of the injury which is the basis of his cause of action." Id. Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, a two-year statute of limitations applies. See Cal. Civ. P. Code § 335.1; Jones, 393 F.3d at 927. The federal court also applies the forum state's law regarding tolling of the statute of limitations, so long as it is not in conflict with federal law. Hardin v. Straub, 490 U.S. 536, 537–39 (1989); Fink

4

v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  California law provides that the limitations period is tolled when a person is imprisoned on a criminal charge when his cause of action accrues.  Cal. Civ. P. Code § 352.1(a) (stating that "[i]f a person entitled to bring an action… is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

### III.   Undisputed Material Facts

Plaintiff was arrested on April 7, 2016.  Defendants' Statement of Undisputed Facts ("DSUF") at No. 1.  He was subsequently booked into the Trinity County Jail on April 8, 2016 and was released on bail on the same day.  DSUF at No. 2.

Plaintiff was subsequently booked into the Trinity County Jail on December 8, 2016 and released on bail on December 11, 2016.  DSUF at No. 3.

On February 17, 2017, plaintiff was arrested and booked into the Trinity County Jail.  DSUF at No. 4.  He was released on his own recognizance on March 14, 2017.  DSUF at No. 4.

Plaintiff was arrested and booked into the Trinity County Jail on December 7, 2017.  DSUF at No. 5.  On August 1, 2018, plaintiff was sentenced to serve nine years, and four months and was "remanded to the Trinity County Sheriff's Department for transport to the California Department of Corrections and Rehabilitation."  DSUF at No. 6; ECF No. 42-6 at 3 (Felony Sentencing Report).  Plaintiff was released from the Trinity County Jail into the custody of the CDCR on August 27, 2018.  DSUF at No. 7.

### IV.   Analysis

In this case, the parties agree that plaintiff's cause of action accrued on April 7, 2016, the date of his arrest by defendants.  The undisputed material facts demonstrate that plaintiff was released on bail the next day, April 8, 2016.  See Defendants' Statement of Undisputed Facts, at ¶ 2.  The limitations period expired two years later on April 8, 2018.  Because this was a Sunday, plaintiff had until Monday, April 9, 2018 in which to file his complaint.  It is undisputed that plaintiff filed the complaint commencing this action on June 19, 2019.  ECF No. 1 at 1, 3; see Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).  As the filing date

of the complaint is more than two years after plaintiff's cause of action accrued, the only way it is timely is if tolling of the statute of limitations is available for a period of approximately 14 months.

While the facts related to the timeliness of plaintiff's claims are not in dispute, the parties only disagreement concerns the scope of California's tolling provision for prisoners, which is a question of law. After reviewing the arguments presented and the relevant case law, the undersigned assumes, without deciding, that the Ninth Circuit's decision in Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994), is still good law and allows for tolling while plaintiff was "imprisoned on a criminal charge…" as a pretrial detainee. However, such tolling does not apply after plaintiff was released on bail on April 8, 2016, nor to the subsequent period of plaintiff's imprisonment on new criminal charges because plaintiff was not in continuous custody.[4] See Boag v. Chief of Police, 669 F.2d 587, 589 (9th Cir. 1982) (per curiam) (construing Oregon tolling provision similar to California's and holding that tolling ceased upon prisoner's release on parole). The Ninth Circuit Court of Appeal emphasized that "actual, uninterrupted incarceration is the touchstone" for purposes of applying California Civil Procedure Code § 352.1(a). Elliott, 25 F.3d at 803. Plaintiff's multiple reincarcerations following his release on bail on April 8, 2016 "did not reinstate the tolling statute." Boag, 669 F.2d at 589. Because the undisputed material facts in this case demonstrate that plaintiff was not in continuous, uninterrupted custody from the date his claims accrued, this tolling provision of state law does not render his complaint timely filed. As plaintiff supplies no other basis for tolling the statute of limitations, defendant has carried his burden of demonstrating no genuine issue of material dispute that plaintiff's claims are time-barred.[5] Accordingly, the undersigned

---

[4] Unlike the arrestee in Elliott, plaintiff was not in continuous custody from April 7, 2016 until June 19, 2019 when he filed the original complaint in this case. The Ninth Circuit concluded in Elliott that California's tolling provision for imprisonment applies "when the plaintiff has been in continuous custody, commencing at the time of his arrest…." Elliott, 25 F.3d at 801; see also Bianchi v. Bellingham Police Dept., 909 F.2d 1316, 1318 (9th Cir. 1990) (analyzing a similar Washington state statute and concluding that an "inmate who had been 'continuously imprisoned since his arrest' could benefit from tolling with respect to claims accruing during the arrest.").

[5] Plaintiff indicated that he did not file an appeal or grievance concerning the allegations of

6

recommends granting defendants' motion for summary judgment.

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment and has concluded that your claims are time barred because you were not in continuous custody from the date of your arrest until the date that you filed the complaint. Based on this finding, the undersigned recommends granting defendants' summary judgment motion which will end your case.

If you disagree with this recommendation, you have fourteen days to explain why it is not the correct outcome in your case. You should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections and will make a final decision on the motion for summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 42) be granted; and,

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

/////

---

excessive force. See ECF Nos. 1 at 1; 29 at 2. Therefore, plaintiff is not entitled to equitable tolling during the period of time in which he was exhausting his administrative grievances. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005).

1 | Dated:  January 3, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bran1399.msj.sol.docx